UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

LOCAL 100, TRANSPORT WORKERS          :
UNION, AFL-CIO; ROGER TOUSSAINT,
as President of Local 100,            :
Transport Workers Union,
AFL-CIO; and WAYNE BRYAN,             :        _Ob_ Civ. _4787_ (   )

           Plaintiffs,          :        **ORDER TO SHOW CAUSE**
                          **FOR PRELIMINARY**
          -against-            :        **INJUNCTION AND**
                          **TEMPORARY**
BERNARD ROSEN, MARGARET CONNOR,       :        **RESTRAINING ORDER**
MARK PAGE, MARGE HENNING and
SUSAN KUPFERMAN, as Employer          :
Trustees of the T.W.U.-New York
City Private Bus Lines Pension        :
Trust,
                          :
           Defendants.          :

------------------------------------X

Upon the declarations of Judith Broach and Ed Watt, sworn to the 21st day of June, 2006, and upon the copy of the Complaint hereto annexed, it is

ORDERED, that the above named defendants show cause before a motion term of this Court, at Room _____, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on _____ ____,_____, at _____ o'clock in the _____ noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the defendant during the pendency of this action from 1) proceeding in the arbitration described in Complaint, 2) staying all proceedings in said arbitration pending a determination by this Court as to

whether the issues placed before the arbitrator are arbitrable, and 3) providing plaintiffs such other and further relief as this Court may deem just and proper; and it is further

ORDERED that, sufficient reason having been shown therefor, pending the hearing of plaintiff's application for preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., the defendants are temporarily restrained and enjoined from 1) proceeding in the arbitration described in the Complaint, 2) and the arbitration is stayed; and it is further

ORDERED that security in the amount of $ _____ be posted by the plaintiff prior to _____ ___, _____, at _____ o'clock in the _____ noon of that day; and it is further

ORDERED that service at the office of the T.W.U.-New York City Private Bus Lines Pension Trust of a copy of this order and annexed declarations upon the defendants or their counsel on or before _____ o'clock in the _____ noon,_____ _____,_____, shall be deemed good and sufficient service thereof.

DATED: New York, New York
ISSUED: _____ M


                                    _____
                                    United States District Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
LOCAL 100, TRANSPORT WORKERS       :
UNION, AFL-CIO; ROGER TOUSSAINT,
as President of Local 100,         :
Transport Workers Union,
AFL-CIO; and WAYNE BRYAN,          :

        Plaintiffs,        :

    -against-              :    **DECLARATION OF**
                                        **JUDITH P. BROACH**
BERNARD ROSEN, MARGARET CONNOR,    :
MARK PAGE, MARGE HENNING and
SUSAN KUPFERMAN, as Employer       :
Trustees of the T.W.U.-New York
City Private Bus Lines Pension     :
Trust,
                                   :
       Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

    JUDITH P. BROACH, declares, pursuant to 28 U.S.C. §1746 and

under penalty of perjury, the following statements to be true and

correct:

    1.    I am a member of the firm of Broach & Stulberg, LLP. I

make this declaration in support of the plaintiffs' application

for a Temporary Restraining Order and Motion for a Preliminary

Injunction.

    2.    Plaintiffs bring this action for a declaratory judgment

that a deadlock arbitration commenced by defendants, the Employer

Trustees of the T.W.U.-New York City Private Bus Lines Pension

Trust ("the Trust"), violates the Labor Management Relations Act

of 1947 ("LMRA" or "the Taft-Hartley Act"), 29 U.S.C. §141, et

seq. and the Employee Retirement Income Security Act of 1974, as

amended ("ERISA"), 29 U.S.C. §1001, et seq. and for an injunction
permanently barring defendants from continuing with said
arbitration.  Defendants seek, through said arbitration, to merge
one of the Trust's pension plans with a pension plan maintained
by the Metropolitan Transportation Authority.

3.    The facts are more fully stated in the accompanying
affidavit of Ed Watt.

4.    This is the first such application for the relief
requested herein.

WHEREFORE, the plaintiffs' application for a Temporary
Restraining Order and Motion for a Preliminary Injunction should
be granted.

Dated:    New York, New York
          June 21, 2006

                                    _____
                                    Judith P. Broach

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LOCAL 100, TRANSPORT WORKERS          :
UNION, AFL-CIO; ROGER TOUSSAINT,
as President of Local 100,            :
Transport Workers Union,
AFL-CIO; and WAYNE BRYAN,             :

              Plaintiffs,          :          <u>DECLARATION OF ED WATT</u>

        -against-                   :

BERNARD ROSEN, MARGARET CONNOR,       :
MARK PAGE, MARGE HENNING and
SUSAN KUPFERMAN, as Employer          :
Trustees of the T.W.U.-New York
City Private Bus Lines Pension        :
Trust,
                               :

            Defendants.          :

------------------------------------X


    **ED WATT**, declares, pursuant to 28 U.S.C. § 1746 and under

penalty of perjury, the following statements to be true and

correct:

1.    I am the Secretary-Treasurer of Local 100, Transport

Workers Union, AFL-CIO ("Local 100" or "the Union"), a plaintiff

in the above-captioned action.  I make this declaration in

support of plaintiffs' application for a temporary restraining

order and injunction barring defendants from continuing with a

deadlock arbitration in which defendants seek to merge a pension

plan they administer with another, unrelated pension plan.

2.    For many years, Local 100 was the collective bargaining representative for certain employees of private bus companies which operated within the City of New York.

3.    In or about 1963 the Union and the private bus companies, through collective bargaining, agreed to establish the T.W.U.- New York City Private Bus Lines Pension Trust ("the Trust") to provide pension benefits for Local 100 members employed by the private bus companies.  The bargaining parties established the Trust by Trust Agreement dated November 23, 1963.  The Trust Agreement was amended twice, effective January 1, 1976 and January 1, 1999.  A copy of the current version of the Trust Agreement, the Second Restated Trust Agreement, effective January 1, 1999, is annexed to the Complaint herein.

4.    From in or about 1963, pursuant to a series of collective bargaining agreements between the private bus companies and the Union, those companies made contributions to the Trust on behalf of their employees who were represented by Local 100.

5.    Under the terms of the Trust Agreement, the Trust is administered by a board of trustees composed of five (5) trustees appointed by the Union and five (5) trustees appointed by the contributing employers.

6.    The Trust Agreement provides a procedure, at Article 3,
Section 3.7(5) for arbitration of "a deadlock upon any question
coming before the Trustees for decision or resolution...."

7.    The Trust Agreement grants certain specific powers to the
trustees.    Those powers are set forth in Article 4 of the Trust
Agreement.    The bargaining parties, however, in establishing the
Trust, did not grant the trustees unlimited power.    Under
Article 4, the trustees may only use the assets attributable to
each plan to pay plan benefits and the reasonable expenses of
administering each plan.    And while Article 4 empowers the
trustees to take certain actions necessary for the day-to-day
administration of the Trust and its plans, nothing in Article 4
or any other provision of the Trust Agreement confers power on
the trustees to merge the Trust or any of its plans with any
other trust or plan.

8.    In or about December of 2002, the City of New York
announced its intention to revoke the authority of the private
bus companies to operate on New York City streets and either to
take over the routes and operations of those companies or
transfer them to the Metropolitan Transportation Authority
("MTA").

9.    I am informed and believe that between February of 2005 and

3

February of 2006, the City of New York and the MTA completed

negotiations with the private bus companies to take over the

routes and operations of each such company.

10. As of the date the routes and operations of each of the

private bus companies were taken over by the MTA, each private

bus company ceased to have an obligation to contribute to the

Trust on behalf of the Local 100 members whose jobs were

transferred to the MTA.

11. Local 100 continues to represent for collective bargaining,

those employees of the private bus companies who became

employees of the MTA at the time the MTA took over those

companies' routes and operations. Local 100 and the MTA have

been negotiating the terms of a collective bargaining agreement

covering those employees, including negotiations regarding to

which pension plan the MTA will contribute on behalf such

employees. To date, those negotiations have not been completed.

12. I am informed and believe that, on or about January 30,

2006, the Employer Trustees of the Trust, Jerome Cooper, Thomas

Elkins, Stephen Eager, Thomas Eager, and Doris Drantch, who had

been appointed by the private bus companies, resigned and

appointed in their stead, Bernard Rosten, Margaret Connor, Mark

Page, Marge Henning and Susan Kupferman as Employer Trustees of

4

the Trust.

13.   I am further informed and believe that on or about March 2,
2006, at a meeting of the Board of Trustees of the Trust, the
new Employer Trustees proposed a resolution that the Trust's
defined benefit pension plan be merged into the MTA Defined
Benefit Pension Plan ("the MTA Plan").   Upon information and
belief, all five Employer Trustees voted in favor of the
resolution and all five Union Trustees voted against the
resolution, which resulted in a deadlock on the resolution.   A
copy of said resolution is annexed hereto as Exhibit "A".

14.   By letter dated March 3, 2006, Mark E. Brossman, counsel
for the Trust appointed by the Employer Trustees, submitted the
deadlock referenced in paragraph 13 to arbitration before
Jacquelin F. Drucker, purportedly in accordance with Section
3.7(5) of the Trust Agreement, as amended.   A copy of Mr.
Brossman's letter and attachment are annexed hereto as Exhibit
"B".

15.   On or about May 15, 2006, Arbitrator Drucker held a first
day of hearing regarding the deadlock referenced in paragraph
13. Both the Union Trustees and the Employer Trustees
participated in the hearing.

16.   The Union and the employers who established the Trust

5

reserved to themselves the power to decide whether the Trust or any of its plans should be merged with any other trust or plan. The merger resolution referenced in paragraph 13 herein and the submission of that resolution to arbitration is a usurpation by the Employer Trustees of a power reserved by the settlors of the Trust.  Such usurpation of Union and Employer power is a harm that cannot be remedied by money damages.

17.   Moreover, the practical effect of the Employer Trustees' resolution, if adopted by the arbitrator, would be to move assets from a trust fund to which the Union appoints half of the trustees to a trust fund that would be completely controlled by the MTA.  Loss of the Union's power to appoint half of the trustees who control assets held in trust for the benefit of the Union's members is a harm that cannot be remedied by money damages.

18.  Having the assets of the Trust placed under the exclusive control of the MTA also means that those Union members who participate in the Trust's plans are deprived of the benefit of having half the trustees be appointed by their union.   This harm cannot be remedied by money damages.

WHEREFORE, declarant respectfully requests that plaintiffs' application for a temporary restraining order and motion for a

6

preliminary injunction be granted.

Dated:    New York, New York
          June 21, 2006

_____
                    ( Ed Watt

**Exhibit A**

# SCHULTE ROTH & ZABEL LLP

919 Third Avenue
New York, NY 10022
(212) 756-2000
fax (212) 593-5955

*www.srz.com*

Writer's Direct Number

(212) 756-2050

Writer's E-mail Address
mark.brossman@srz.com

March 3, 2006

## VIA E-MAIL & MAIL

Jacquelin F. Drucker, Esq.
432 East 58th Street, Suite 2
New York, New York 10022-2331

Re:  T.W.U.-N.Y.C. Private Bus Lines Pension Trust

Dear Arbitrator Drucker:

Schulte Roth & Zabel LLP is counsel to the T.W.U.-N.Y.C. Private Bus Lines Pension Trust (the "Fund"), appointed by the Employer Trustees. At the March 2, 2006 meeting of the Board of Trustees of the Fund, the Employer Trustees and the Union Trustees deadlocked on the Employer Trustees' motion to merge the Fund with the MTA Defined Benefit Pension Plan.

Pursuant to the Trust's procedures, you have been jointly selected as an arbitrator of Trustee deadlocks (see enclosed Resolution). The Employer Trustees request you promptly schedule an arbitration of the deadlock of the Board of Trustees. Also enclosed is a copy of the Resolutions distributed by the Employer Trustees to effectuate the merger.

Please contact me to discuss dates for a hearing.

Thank you for your attention to this matter.

Sincerely,

Mark E. Brossman

Enclosures

cc:    Denis A. Engel, Esq.
       Scott A. Gold, Esq.
       Susan M. Jennik, Esq.
       Trustees

10085807.1

# RESOLUTION

## SECOND RESTATED TRUST AGREEMENT
## GOVERNING THE
## T.W.U. - NEW YORK CITY PRIVATE BUS LINES PENSION TRUST

WHEREAS, the T.W.U. - New York City Private Bus Lines Pension Trust was established by an Agreement and Declaration of Trust (the "Trust Declaration"), dated as of November 23, 1963, and from time to time later amended by various instruments of amendment, under which a trust fund was established;

WHEREAS, the Trustees have adopted the T.W.U. – New York City Private Bus Lines Pension Trust (the "Pension Plan") and the T.W.U. – New York City Private Bus Lines 401(k) Savings Plan (the "Savings Plan");

WHEREAS, the Trust Declaration was amended and restated as the Restated Trust Agreement (the "Restated Trust Agreement"), effective as of January 1, 1976;

WHEREAS, the Restated Trust Agreement was amended and restated as the Second Restated Agreement and Declaration of Trust (the "Second Restated Trust Agreement"), effective as of January 1, 1999, and such Second Restated Trust Agreement governs the Pension Plan and the Savings Plan;

WHEREAS, pursuant to Section 4.8(1) of the Second Restated Trust Agreement, the Trustees have the power to construe the terms of the Trust Agreement; and

WHEREAS, it is the desire of the Trustees to clarify the meaning of the phrase "Impartial Chairman of the Local Private Transit Industry in New York City" found in section 3.7(5) of the Second Restated Trust Agreement, which addresses deadlocks among the Trustees;

NOW, THEREFORE, BE IT RESOLVED, that the phrase "Impartial Chairman of the Local Private Transit Industry in New York City" in Section 3.7(5) of the Second Restated Trust Agreement shall refer to the "Rotating Arbitrator," as selected by the Trustees. The Trustees shall select from the following three Rotating Arbitrators: Ralph Berger, Jacqueline Drucker and Roger Maher. When the need for an Impartial Chairman arises, a Rotating Arbitrator shall be selected in alphabetical order, using the individual's last name. Once a Rotating Arbitrator has served as the Impartial Chairman, he or she shall be placed at the end of the rotation. An individual shall not be selected out of turn to act as the Impartial Chairman unless a Rotating Arbitrator is unavailable within thirty (30) days (or a longer period if agreed to by the Trustees) of his or her selection.

9408074.6

IN WITNESS WHEREOF, this resolution is adopted this __16th__ day of July 2003.

## BOARD OF TRUSTEES

Union Trustees:

_____

_____

Kevin J. Cadigan

Hector Caraine

_____

Employer Trustees:

_____

_____

_____

Myra Burke

_____

9408074.6

**Exhibit B**

## RESOLUTION OF THE TRUSTEES
## OF THE TWU-NYC PRIVATE BUS LINES
## PENSION TRUST

### March 2, 2006

WHEREAS, each of the contributing employers (the "Contributing Employers") of the TWU-NYC Private Bus Lines Pension Trust (the "Plan") has withdrawn as a contributing employer of the Plan and sold substantially all of its assets to the City of New York (the "City"); and

WHEREAS, in connection with such transfers of assets to the City, certain employees of each Contributing Employer became employees of the MTA Bus Company and are engaged in the business of providing bus service in the City of New York in the areas formerly served by the Contributing Employers; and

WHEREAS, the MTA Defined Benefit Pension Plan (the "MTA Plan") provides for pension benefits to the employees of MTA Bus Company, including those employees who are former employees of the Contributing Employers; and

WHEREAS, the MTA and the MTA Bus Company are willing to enter into an agreement in substantially the form presented to the Trustees and attached to this resolution (the "Pension Agreement") which will provide for the transfer of all assets and liabilities of the Plan to the MTA Plan; and

WHEREAS, the Pension Agreement has been reviewed by all Plan counsel and the Plan's actuaries, the first version of the Pension Agreement having been provided to all Plan counsel for comment in July 2005 and the current version of the Pension Agreement having been provided to all counsel on January 17, 2006; and

WHEREAS, the Trustees have been discussing the possible merger of the Plan into the MTA Plan since at least the Trustees' meeting of August 16, 2004 at which an amendment to Section 14.15 of the Plan was proposed to permit a merger with a government retirement plan; and

WHEREAS, the MTA is willing to amend the MTA Plan by adopting the amendment in substantially the form presented to the Trustees (the "MTA Plan Amendment") which will provide for the payment of benefits to Plan participants (including retirees and others who have not become employees of MTA Bus Company) on the same basis provided for in the Plan and will ensure that each Participant will receive a benefit which is equal to or greater than the benefit he would have been entitled to receive immediately before the merger if the Plan had then terminated; and

WHEREAS, the MTA Plan Amendment has been reviewed by all Plan counsel and the Plan's actuaries, and

WHEREAS, an earlier version of the MTA Plan Amendment was presented to the Trustees at their meeting on February 14, 2005, an updated version of the MTA Plan Amendment was provided to all Plan counsel for comment in July 2005 and the current version of the MTA Plan Amendment was provided to all Plan counsel on January 26, 2006; and

WHEREAS, none of the changes to the MTA Plan Amendment since the version presented to the Trustees on February 14, 2005 has an impact on Plan participants or affects the structure of the proposed merger; and

WHEREAS, the Trustees were advised at their February 24, 2005 meeting that Queens Surface Corporation had signed an agreement with City and had withdrawn from the Plan effective February 27, 2005; and

WHEREAS, the Trustees discussed spin-off of assets of the Plan relating to Queens Surface Corporation participants to the MTA Plan at the February 24, 2005 meeting; and

WHEREAS, the Trustees were advised at their April 22, 2005 meeting that Jamaica Buses Inc. and Triboro Coach Corp. had reached an agreement in principle with the City and discussed the impact on the Plan, including consideration of an amendment to the Plan which would facilitate the merger of the Plan into a governmental plan; and

WHEREAS, the Trustees at their October 24, 2005 meeting discussed the merger of the Plan into the MTA Plan and the impending sale of the assets of the remaining two Contributing Employers to the Plan; and

WHEREAS, the Trustees, having taken into consideration, among other things, the withdrawal of all of the Contributing Employers and the termination of the Plan, the participation by certain of the former Plan participants in the MTA Plan, and the status of the MTA Plan as an ongoing governmental plan, have determined that the merger of the Plan into the MTA Plan is in the best interest of the Plan participants;

NOW THEREFORE BE IT RESOLVED, that the merger of the Plan into the MTA Plan pursuant to an Agreement in substantially the form attached hereto is approved.

FURTHER RESOLVED, that the Trustees shall execute such Agreement in substantially the form attached hereto, subject only to such non-substantive changes as may be determined by them to be necessary or desirable to facilitate such merger, each Trustee's signature on the agreement being conclusive evidence of his or approval of any such changes.

FURTHER RESOLVED, that the proper officers, employees and administrators of the Plan are authorized and directed to take any such actions as are necessary or desirable to effect the merger and the intent of the foregoing resolutions.

IN WITNESS WHEREOF, the undersigned, being the Trustees of the Plan, have duly executed this Resolution as of the ___ day of March, 2006.

**UNION TRUSTEES**                    **EMPLOYER TRUSTEES**

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____