AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

LOCAL 100, TRANSPORT WORKERS UNION, AFL-CIO;
ROGER TOUSSAINT, as President of Local 100,
Transport Workers Union, AFL-CIO; and
WAYNE BRYAN

    Plaintiffs,

V.

BERNARD ROSEN, MARGARET CONNOR, MARK PAGE,
MARGE HENNING and SUSAN KUPFERMAN, as
Employer Trustees of the T.W.U.-New York
City Private Bus Lines Pension Trust

    Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**06 CV 4787**

**JUDGE PATTERSON**

TO: (Name and address of defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

*[signature: Marcos Quintero]*

(BY) DEPUTY CLERK

DATE    JUN 21 2006

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | June 23, 2006 |
| NAME OF SERVER (PRINT)  IRA CURE | TITLE  Attorney |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

[X] Other (specify):  Attorney accepted service - See Attached Acknowledgment

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    June 23, 2006
              Date

Signature of Server   Ira Cure

Address of Server    Broach & Stulberg, LLP
                     One Penn Plaza - Suite 2016
                     New York, New York 10119

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# BROACH & STULBERG, LLP

ATTORNEYS AT LAW

ONE PENN PLAZA
SUITE 2016
NEW YORK, NEW YORK 10119
(212) 268-1000
FAX (212) 947-6010

JUDITH P. BROACH*
ROBERT B. STULBERG°
DAVID C. SAPP, JR.△

JOSHUA S.C. PARKHURST°
AMY F. SHULMAN°

OF COUNSEL
IRA CURE▽

NEW JERSEY OFFICE
ONE GATEWAY CENTER
SUITE 2600
NEWARK, NJ 07102
(973) 456-7021
FAX (973) 622-3423

° NY BAR
* NY, CA BARS
◊ NY, DC BARS
▽ NY, NJ BARS
△ NY, NJ, FL BARS
° NY, MA, DC BARS

June 22, 2006

**VIA FACSIMILE AND REGULAR MAIL**

Mark Brossman, Esq.
Schulte Roth & Zabel LLP
919 3rd Avenue
New York, New York 10022

   Re: Local 100 Transport Workers Union et al. v. Bernard Rosen et al.
     06 Civ. 4787 (RPP)

Dear Mr. Brossman:

  Thank you for agreeing to accept service of the Order to Show Cause. I am attaching/enclosing another copy for your records, although I understand that Scott Gold received a copy also.

  I am writing to confirm also that your office has received a copy of the complaint, the affidavit and exhibit attached to the Order to Show Cause, and the Memorandum of Law in support of the motion. I am enclosing/attaching also a copy of the summons.

  Please acknowledge receipt of the documents and return a copy to me by fax and regular mail. Thank you for your courtesy and cooperation.

          Very truly yours,

          BROACH & STULBERG, LLP

          By: _____
            Ira Cure

ISC/ps

June 22, 2006
Mark Brossman, Esq.
Page 2


On behalf of defendants, Bernard Rosen et al.
I accept service of the following documents:
a. Order to Show Cause and attached affidavits
b. Memorandum of Law
c. Brief in Support
d. Summons and Complaint

_____
Mark Brossman, Esq.
Schulte Roth & Zabel LLP