```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LOCAL 100, TRANSPORT WORKERS         :
UNION, AFL-CIO; ROGER TOUSSAINT,
as President of Local 100,           :
Transport Workers Union,
AFL-CIO; and WAYNE BRYAN,            :

                Plaintiffs,          :
                                                06 Civ. 4787 (RPP)
        -against-                    :

BERNARD ROSEN, MARGARET CONNOR,      :
MARK PAGE, MARGE HENNING and
SUSAN KUPFERMAN, as Employer         :
Trustees of the T.W.U.-New York
City Private Bus Lines Pension       :
Trust,
                                     :
                Defendants.          :
------------------------------------X
```

REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR A TEMPORARY RESTRAINING ORDER
AND MOTION FOR A PRELIMINARY INJUNCTION

INTRODUCTION

This Reply Memorandum of Law is submitted on behalf of the plaintiffs, Local 100, Transport Workers Union, AFL-CIO ("Local 100" or "the Union"); Roger Toussaint, as President of Local 100, Transport Workers Union, AFL-CIO ("Toussaint" or "Local President") and Wayne Bryan, a participant in the T.W.U.-New York City Private Bus Lines Pension Trust ("the Trust"), in support of their application for a temporary restraining order and motion for a preliminary injunction. Plaintiffs seek to enjoin defendants, Bernard Rosen, Margaret Connor, Mark Page, Marge

Henning and Susan Kupferman, as Employer Trustees of the Trust ("the Employer Trustees"), from continuing to arbitrate an issue which plaintiffs maintain is not arbitrable. Defendants are seeking, through arbitration, to merge the Trust with a pension plan maintained by the Metropolitan Transportation Authority ("MTA"). Plaintiffs contend that defendants' efforts to merge the Trust are unlawful because the Trust's Trust Agreement does not empower its trustees to effect mergers.

In their memorandum of law in opposition, defendants argue that the Court lacks jurisdiction over the claims of Local 100 and its President Roger Toussaint. In addition, they argue that the dispute concerning the merger is arbitrable and, therefore, plaintiffs have not met the requirements for a preliminary injunction. Finally, the defendants argue that the proposed merger does not constitute a breach of the Employer Trustees' fiduciary duties under ERISA.

As plaintiffs have demonstrated in their main brief, and will demonstrate herein, the Court has jurisdiction over the claims of the Union and Toussaint. Plaintiffs will demonstrate a likelihood of success on the merits because the Employer Trustees are attempting to usurp powers they do not possess. Plaintiffs will also demonstrate that the Employer Trustees' efforts to consumate the merger constitute a breach of fiduciary duties under ERISA. Because the governing Trust Agreement does

not empower the trustees to merge the Trust, seeking to effectuate such a merger violates the requirement that fiduciaries act in "accordance with the documents and instruments governing the [Trust]...." ERISA § 404(a)(1)(D), 29 U.S.C § 1104(a)(1)(D).

POINT I

**THE COURT HAS JURISDICTION UNDER § 302(e);
<u>DEMISAY</u> IS INAPPOSITE TO THE CASE AT BAR**

**A. The Employer Trustees may not assume the role of settlors of the Trust**

Defendant's memorandum of law never grapples with, let alone refutes, plaintiffs central contention--that the decision to merge the Trust with the MTA Defined Benefit Plan ("MTA Plan") is reserved to the settlors of the Trust, not the Trust's trustees. It is a trust's settlors who establish a trust, define its purposes and grant powers to its trustees. In the case of a multi-employer employee benefit trust fund, such as the Trust, settlors are the contributing employers to the Trust and the union with which they bargain. The Supreme Court has consistently held that when "employers or other plan sponsors... adopt, modify or terminate employee benefit plans, they do not act as fiduciaries but are analogous to settlors of a Trust." <u>Lockheed Corporation v. Spink</u>, 517 U.S. 882 (1996) citing <u>Curtiss-Wright Corp. V. Schoonejongen</u>, 514 U.S. 73 (1995), <u>Adams v. Avondale Industries, Inc.</u>, 905 F.2d 943, 947 (6th Cir. 1990).

See, generally, DOL Advisory Opinions 97-03A and 2001-01A.

The powers of a trust's trustees are only as broad as those granted in the trust agreement. Any other powers are reserved to the settlors. In the instant case, the Trust Agreement does not explicitly grant to its trustees the power to merge the Trust. Accordingly, any attempt by the trustees of the Trust to effectuate such a merger would be void <u>ab initio</u>. In a trustee deadlock dispute, such as the one plaintiffs seek to enjoin, the arbitrator stands in the shoes of the trustees and only has the powers granted to the trustees by the trust agreement. Because the trustees do not have the power to merge the Trust with the MTA Plan, neither does the arbitrator have such power. As the Second Circuit has stated, "where a decision by an [arbitrator] in favor of the action requested would have permitted the trustees to exceed their powers under the trust, the arbitration sought was not to resolve a dispute within the jurisdiction of the trustees." <u>Mahoney v. Fisher</u>, 277 F 2d 5 (2nd Cir. 1960). Similarly, in <u>Employee Trustees of the Eighth District Elec. Pension Fund v. Employer Trustees of the Eighth District Elec. Pension Fund</u>, 959 F 2d 176, 180 (10th Cir. 1992) the Court stated that any act which would require amending a trust agreement or collective bargaining agreement would not be "subject to resolution by an arbitrator on deadlock."

There can be little doubt that a union which is a settlor of

an employee benefit trust and its president have standing to challenge a usurpation of the union's settlor function. Thus, Local 100 and Touissant, have standing to challenge the attempts of the Employer Trustees to merge the Trust with the MTA Plan.

**B. Defendant's reliance on <u>Demisay</u> is misplaced**

Defendants' argument that this Court lacks jurisdiction to grant the requested injunction is based, in large part, on <u>Local 144 Nursing Home Pension Fund v. Demisay,</u> 508 U.S. 581 (1993). Such reliance is misplaced.

In <u>Demisay</u>, plaintiffs, who had previously contributed to the defendant multi-employer fund, sought to compel that fund to transfer a portion of its assets to a newly created fund to which plaintiffs had become contributors. The Court held §302(e) of the Taft-Hartley Act did not confer jurisdiction to compel such a transfer. <u>Demisay</u>, however, was a case in which the plaintiffs sought to compel trustees to do an act which they had the discretionary power to do or refuse to do under the governing trust agreement. <u>Demisay</u> is, therefore, completely irrelevant to the question of whether a court may enjoin an act which is not within the powers granted to trustees under a trust agreement.

Post-<u>Demisay</u> decisions, have focused on the holding in Demisay that § 302(c)(5) of the Taft-Hartley Act "relates not to the purpose for which the trust fund is in fact used, ... but rather to the purpose for which the trust fund is established and

for which the payments are held in trust." Id. at 588. The analysis in these decisions has centered on whether the issue concerns the establishment of the trust or its discretionary administration.

In <u>Lipton v. The Consumer Union of the United States</u> 37 F. Supp 2d 241 (S.D.N.Y. 1999), Judge Kaplan held that a challenge to the limitations on a multiemployer fund's investment policy stated a claim concerning the establishment of the Fund, (a settlor function) and not the administration of its assets (a matter within the fund's trustees' discretion).

Because the instant action is a challenge to an action which is outside the discretionary authority granted to the Trust's trustees by the Trust Agreement, rather than a challenge to an action within their discretion, Demisay is inapposite and this Court has jurisdiction to enjoin the arbitration.

**C. The Plan Document cannot confer powers not conferred by the Trust Agreement**

Defendants make the wholly specious boot-strap argument that, because the document setting forth the Trust's benefits ("the Plan Document") states that the Trust's plan may be merged with another pension plan, the trustees have the power to effectuate the proposed merger. This argument is utterly without merit.

First, it is axiomatic that trustees' powers are granted by a trust's settlors by way of a trust agreement. The Plan

Document is a creation of the Trust's trustees, however, and they cannot grant themselves powers therein that they do not have. The Trust's Trust Agreement does not empower the Trust's Trustees to authorize a merger. Since the Plan Document is in conflict with the Trust Agreement, which is the governing document, the Trust Agreement is determinative. Cf. <u>Sinai Hospital of Baltimore v. National Benefit Fund For Hospital & Health Care Employees</u>, 697 F. 2d 562 (9th Cir. 1982) (Parties to collective bargaining agreement cannot change terms of trust unless power to do so was reserved).

Second, the Trust Agreement explicitly states that the "Trust Agreement governs the Pension Plan." (Compl. Exhibit A, witnesseth para 9).

**D. The cases relied upon by the defendants concern Trustee discretion not the settlor function**

Because this case concerns the fundamental powers of the settlors, the defendants' reliance on cases which defer to the arbitration process is misplaced. As demonstrated above, the defendants fail to distinguish between trustee discretionary powers concerning the administration of the Trust, and the basic powers of the settlors. Thus their reliance on <u>Mahoney v. Fisher</u>, 277 F 2d 5 (2d Cir. 1960) <u>Gold v. Pannachio</u>, 757 F. Supp 13 (SDNY 1991), <u>Haskins v. Stratton</u>, 721 F 2d 535, (5th Cir. 1983) and <u>Hawkins v. Bennett</u>, 704 F 2d 115) (9th Cir. 1982) is misplaced. Each of these cases involved issues of plan

administration. Mahoney concerned a dispute about hiring insurance brokers, Gold, Haskins, and Hawkins all concerned disputes about increasing benefits. None of these cases concerned the fundamental issue of plan governance presently before the court.

POINT II

**PLAINTIFFS WOULD BE IRREPARABLY HARMED
IF THE MERGER WERE ALLOWED TO PROCEED**

If the arbitration were to go forward, plaintiffs would be irreparably harmed in several ways. First, there would be the expenditure of Trust resources on an ultra vires arbitration. Second, should the arbitrator breach her fiduciary duty and approve the merger, it would constitute a usurpation of the Union's role as collective bargaining agent regarding the ultimate disposition of the Trust and its assets. Third, the Union would lose its ability to appoint trustees to the newly merged entity. Finally, and perhaps most important, if the merger were to be approved, the participants in the Trust's plan would no longer be afforded the protection of ERISA, including its funding, vesting and fiduciary protections, because the MTA Plan is not covered by ERISA. One immediate and dramatic consequence of losing the protections of ERISA would be the loss of plan termination insurance benefits provided by the Pension Benefit Guaranty Corporation under 29 U.S.C. § 1322a.

<u>POINT III</u>

THE PROPOSED MERGER EXCEEDS THE AUTHORITY OF THE
TRUSTEES, AND THEREFORE, CONSTITUTES A
BREACH OF FIDUCIARY DUTY UNDER ERISA

**A. The failure to adhere to the Trust Agreement constitutes a breach of fiduciary duty**

As demonstrated in plaintiffs' main brief and Point II, <u>supra</u>, the proposed merger is an <u>ultra vires</u> act that goes beyond the scope of the powers granted to the trustees by the Trust Agreement. The proposed merger, therefore, would constitute a breach of fiduciary duty. ERISA § 404(a)(D), 29 U.S.C § 1104(a)(D).

A plan trustee has a fiduciary duty to adhere to the terms of a plan document. <u>Dandaganis v. Grace Capital, Inc.</u>, 889 F 2d 1237, 1242 (2d. Cir. 1989). The trust agreement does not empower the trustees to merge the plan. By ignoring this simple fact, the trustees are not adhering to their obligations under ERISA.

Defendants' inability to come to come to grips with their lack of authority to effectuate a merger is implicitly conceded in their memorandum of law. Defendants attempt to justify their decision to merge the Trust with the MTA Plan by arguing the presumed benefits of such a merger. As plaintiffs explain in Point II, however, merging the Trust with a public sector plan would cause irreparable harm to its participants and

beneficiaries by fundamentally altering the legal framework under which the plan operates. The explicit fiduciary protections provided by ERISA would be eliminated. The insurance protection provided by the Pension Benefit Guaranty Corporation would be eliminated as well. In addition, the whole structure of Trust administration would be changed. Instead of the current equal number of union-appointed and employer-appointed trustees, the Trust's assets would be administered by trustees appointed exclusively the MTA.

## CONCLUSION

For all of the foregoing reasons, as well as the reasons stated in plaintiffs' main brief, plaintiffs' application for a temporary restraining order and motion for a preliminary injunction should be granted.

DATED: New York, New York
       April 19, 2007

                                    Respectfully submitted,

                                    BROACH & STULBERG, LLP

                              BY:   _____
                                    Judith P. Broach (4041)

Of Counsel: Ira Cure (7121)