UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                        :
LOCAL 100, TRANSPORT WORKERS UNION,                                     :
AFL-CIO; ROGER TOUSSAINT, as President of                               :
Local 100, Transport Workers Union, AFL-CIO, and                        :
WAYNE BRYAN,                                                            :
                                                                        :
                              Plaintiffs,           :
                                                                        :
                      -vs.-                         :   06 Civ. 4787 (RPP)
                                                                        :
BERNARD ROSEN, MARGARET CONNOR, MARK                                    :
PAGE, MARGE HENNING and SUSAN                                           :
KUPFERMAN, as Employer Trustees of the T.W.U.-                          :
New York City Private Bus Lines Pension Trust,                          :
                                                                        :
                             Defendants.           :
                                                                        :
------------------------------------------------------------------------x

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

Schulte Roth & Zabel LLP
Attorneys for Defendants
919 Third Avenue
New York, NY 10022
(212) 756-2000 (telephone)
(212) 593-5955 (facsimile)

Ronald E. Richman
Mark E. Brossman
Scott A. Gold
Max Garfield

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    A.    SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT ONLY PROVIDES JURISDICTION OVER DISPUTES CONCERNING A CONTRACT TO WHICH A LABOR ORGANIZATION IS A SIGNATORY.... 2

    B.    SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT DOES NOT PROVIDE THE COURT WITH JURISDICTION OVER THIS DISPUTE, AS THE DEFENDANTS ARE NOT A PARTY TO THE COLLECTIVE BARGAINING AGREEMENT.......................................................................... 3

    C.    THE *SCHNEIDER* CASE AND ITS PROGENY ONLY SUPPORT JURISDICTION OVER TRUST FUNDS IN CONTRIBUTION DISPUTES....... 4

CONCLUSION .............................................................................................................................. 6

## **PRELIMINARY STATEMENT**

Defendants, the Employer Trustees[1] of the Transport Workers Union-New York City Private Bus Lines Pension Trust (hereafter referred to as the "Employer Trustees" and the "Fund," respectively), respectfully submit this Supplemental Memorandum of Law in Opposition to Plaintiffs' Order to Show Cause for Preliminary Injunction and Temporary Restraining Order. In accordance with the Court's June 14, 2007 Order, the exclusive issue Defendants address herein is whether the Court has jurisdiction under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to issue the preliminary injunction Plaintiffs' request. By the plain language of the statute and directly applicable, unambiguous case law, Section 301 of the LMRA does not provide the Court with jurisdiction in this action.

## **STATEMENT OF FACTS**

This matter has been pending before the Court since June 21, 2006.[2] Plaintiffs are seeking, in part, a preliminary injunction from the Court barring arbitration of a deadlock between the Employer Trustees and the Union Trustees of the Fund regarding whether to merge the pension plan adopted by the Trustees of the Fund (the "Plan") into a pension plan operated by the Metropolitan Transportation Authority.[3] (*See* Complaint ¶ 1.)  The Fund is administered in accordance with the Second Restated Trust Agreement (the "Trust Agreement") and Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). (*See* Gold Aff.[4], ¶ 2, Exhibit A.)  The Fund's

---

[1]  Mark Page and Marjorie Henning are no longer serving as Trustees of the Transport Workers Union-New York City Private Bus Lines Pension Trust.  They have been replaced by Vinay Dayal and Helene Fromm.

[2]  For purposes of the instant memorandum of law, Defendants respectfully presume the Court's familiarity with the record in this case and only recite specific facts relevant to the subject matter of the Court's June 14, 2007 Order.

[3]  At present, the final two days of the deadlock arbitration hearing are scheduled for July 24 and 27, 2007.

[4]  Reference to "Gold Aff." is to the June 27, 2006 Affidavit of Scott A. Gold, submitted in support of Defendants' Memorandum of Law in Opposition to Order to Show Cause for Preliminary Injunction ("Defendant's Opposition Brief").

Trust Agreement provides that the Fund will be jointly managed by a ten member Board of Trustees with five Trustees appointed by the Union and five Trustees appointed by the contributing employers that have collective bargaining agreements with the Union. (*See id*., Exhibit A. § 3.1.) The Trust Agreement was executed on September 28, 1999, by signature of four Union-appointed Trustees and four Employer-appointed Trustees. (*See id.*, ¶ 4.) Neither the Union nor the employers were signatories to the Trust Agreement.

In the Complaint, Plaintiffs invoke jurisdiction under three federal statutes: (i) Section 302(e) of the LMRA, 29 U.S.C. § 186(e); (ii) the Declaratory Judgment Act, 28 U.S.C §2201; and (iii) 28 U.S.C. § 1331, which provides for federal question jurisdiction. (*See* Complaint ¶¶ 2-3.) Plaintiffs' June 21, 2006 Memorandum of Law in Support of Plaintiffs' Application for a Temporary Restraining Order and Motion for a Preliminary Injunction makes no mention of Section 301 of the LMRA. Similarly, Plaintiffs' April 19, 2007 Reply Memorandum of Law in Support of Plaintiffs' Application for a Temporary Restraining Order and Motion for a Preliminary Injunction ("Plaintiffs' Reply Brief") contains no reference to Section 301 of the LMRA. The only time Plaintiffs have asserted Section 301 of the LMRA as a basis for the Court's jurisdiction in this matter was during oral argument regarding Plaintiffs' motion. On June 28, 2006, Plaintiffs' counsel asserted – for the first and only time since inception of this action – that jurisdiction over this matter was also premised on Section 301 of the LMRA. (*See* June 28, 2006 Transcript of Oral Argument at pages 4, 9.)

## ARGUMENT

A.  **SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT ONLY PROVIDES JURISDICTION OVER DISPUTES CONCERNING A CONTRACT TO WHICH A LABOR ORGANIZATION IS A SIGNATORY.**

The Trust Agreement was executed by four Union Trustees and four Employer Trustees; neither the Union nor any employer was a signatory to the executed agreement.

2

Section 301 of the LMRA provides federal courts with jurisdiction over "[s]uits for violation of contracts *between an employer and a labor organization* representing employees in an industry affecting commerce . . . or between any such labor organizations."  LMRA § 301(a) (emphasis added).  *See also Bannerjee v. Papadakis*, 583 F. Supp. 757, 760 (E.D.N.Y. 1984) ("A claim under § 301 must satisfy three requirements. It must allege: 1) a violation; 2) of a contract; 3) between an employer and a labor organization.").  The statute could not be more straightforward.

The Plaintiffs are not signatories to the Trust Agreement itself.[5]  Where a dispute concerns an agreement to which no labor organization is a party, such as here, federal courts do not have jurisdiction to adjudicate such claims pursuant to Section 301 of the LMRA.

**B.    SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT DOES NOT PROVIDE THE COURT WITH JURISDICTION OVER THIS DISPUTE, AS THE DEFENDANTS ARE NOT A PARTY TO THE COLLECTIVE BARGAINING AGREEMENT.**

"[Section 301 of the LMRA] extends only to suits brought against defendants who are parties to the underlying collective bargaining agreement."  *Cement & Concrete Workers Dist. Council Welfare Fund v. Atlas Concrete Construction Corp.*, No. CV-04-0915, 2007 U.S. Dist. LEXIS 9817 at *13-15 (E.D.N.Y. Feb. 13, 2007 ) (finding that Section 301 of the LMRA did not apply to a trust fund which was not a party to a collective bargaining agreement that may have been breached).  *See also Duane Reade v. Allied Trades Council*, No. 04 Civ. 3542, 2005 U.S. Dist. LEXIS 29690 at *14-15 (S.D.N.Y. Oct. 7, 2005), *quoting Smith v. Hickey*, 482 F. Supp. 644, 647 (S.D.N.Y. 1979) (holding in an action alleging violations of obligations pursuant

---

[5]   In a related point, the Plaintiffs continue to misunderstand the proper role of the Union with respect to the Plan. The Plaintiffs insist that the Union is the settlor of the Fund and thus the only one that could make the decision to merge. (*See* Plaintiffs' Reply Brief at 3.)  However, Plaintiffs misconstrue the relevant case law that references that the plan sponsor makes such decisions, and when it does, it is acting in a settlor capacity. ERISA defines the "plan sponsor" of a multiemployer plan as "the plan's joint board of trustees."  ERISA § 4001(a)(10).  Thus, the Defendants are the proper entity to exercise a settlor function with regard to the Plan, not the Union.

to a collective bargaining agreement that employee benefit funds were not "proper defendants to a § 301 claim" because "'section 301 does not extend to suits brought against defendants who are not parties to the [collective bargaining agreement] whose breach is alleged.'").

The Employer Trustees are not a party to any collective bargaining agreement and therefore, they are not a proper defendant in an action pursuant to Section 301 of the LMRA.

**C.   THE *SCHNEIDER* CASE AND ITS PROGENY ONLY SUPPORT JURISDICTION OVER TRUST FUNDS IN CONTRIBUTION DISPUTES.**

During oral argument, Plaintiffs' counsel noted that the Supreme Court has held that Section 301 of the LMRA may provide a basis for jurisdiction for violation of plan documents. (*See* June 28, 2006 Transcript of Oral Argument at page 9.) It is true that in *Schneider Moving & Storage Co. v. Robbins*, the Supreme Court did observe that Section 301 of the LMRA "provides a federal forum for suits to enforce *labor contracts*, including pension and welfare fund agreements." 466 U.S. 364, 366 n.2 (1984) (emphasis added). However, with regard to Section 301 of the LMRA, *Schneider* and its progeny concern situations involving contribution obligations that employers assumed through collectively-bargained agreements with labor unions.[6] *See, e.g.*, *Schneider*, 466 U.S. at 370; *MI Installers & Furniture Serv., Inc. v. N.Y. City Dist. Council of Carpenters Pension Fund*, 476 F. Supp. 2d 387, 389 (2007); *Local 8a-28a Welfare & 401 Ret. Funds v. Millard Group, Inc.*, No. 03 Civ 8672, 2004 U.S. Dist. LEXIS 2288 at *2-4 (S.D.N.Y. Feb. 18, 2004).

Quite simply, the Trust Agreement is not a "labor contract[]." The fact that the *Schneider* line of cases all involve contribution obligations to employee benefit funds is of paramount significance; the underlying document in each of these cases is the collective

---

[6]   Again, it is noteworthy that Plaintiffs neglected to include any mention of Section 301 of the LMRA in Plaintiffs' Reply Brief. Defendants submit that this likely is due to the inapplicability of the *Schneider* line of cases to the subject matter of this dispute.

4

bargaining agreement between the employer and the union obligating the employer to make contributions to the benefit funds. By its plain language, this is the context in which Section 301 of the LMRA applies. It is only logical that contribution disputes, which inevitably arise out of obligations set forth in collective bargaining agreements, would permit parties, including benefit funds, to seek recourse in federal court when these contractual obligations are not being met. The instant dispute concerns a wholly different set of facts and has nothing to do with contributions pursuant to labor contracts; in contrast, this case concerns the interpretation of a document governing an ERISA-governed pension plan by the Trustees of the Fund, and the actions these Trustees may properly take on behalf of plan participants to whom they owe a fiduciary duty.

        Just as the other purported bases for assertion of the Court's jurisdiction must fail, the Plaintiffs' effort to establish standing pursuant to Section 301 of the LMRA also is unsuccessful. This insurmountable standing deficiency is particularly emphasized by the still preliminary stage of the subject arbitration, in which hearings are ongoing. Plaintiffs' request for a preliminary injunction was filed prior to the issuance of any decision in the deadlock arbitration, thus rendering any potential harm far too speculative for the Court to intervene. (*See* Defendants' Opposition Brief at pages 12-15 and cases cited therein.)

**CONCLUSION**

For the foregoing reasons and the reasons set forth in Defendants' Opposition Brief and oral argument on June 28, 2006 and April 20, 2007, the Employer Trustees respectfully request that the Court deny Plaintiffs' request for injunctive relief. Arbitration is the appropriate forum to resolve the deadlock.

Dated: New York, New York
       June 25, 2007

SCHULTE ROTH & ZABEL LLP

By:     /s/ Ronald E. Richman
        Ronald E. Richman
        Mark E. Brossman
        Scott A. Gold
        Max Garfield

919 Third Avenue
New York, New York  10022
(212) 756-2000

*Attorneys for Defendants*

6